UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY D. KIRKLAND,       )
                                )
     Petitioner          )
                                )
       vs.              )     No.  3:09-CV-335 RLM
                                ) (related case: 3:06-CR-3(01) RLM)
UNITED STATES OF AMERICA,  )
                                )
     Respondent      )

## OPINION and ORDER

After a two-day trial in August 2006, a jury convicted petitioner Jeffrey Dean Kirkland of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On December 22, the court sentenced Mr. Kirkland to the mandatory statutory minimum of 180 months' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), followed by a 3-year term of supervised release.

Mr. Kirkland's trial counsel filed a notice of appeal on December 29, 2006, but his newly appointed appellate attorney filed an appellate brief under Anders v. California, 386 U.S. 738 (1967), because counsel couldn't see a non-frivolous basis for review. The court of appeals considered the following potential issues raised by appellate counsel and Mr. Kirkland: (1) whether the district court erred in refusing to provide a jury instruction on the defense of innocent possession of the pistol;[1] (2) whether sufficient evidence of possession within the meaning of §

---

[1]     Mr. Kirkland proposed to instruct the jury as follows:
               It is the defendant's contention that his possession of the

922(g)(1) existed to sustain Mr. Kirkland's conviction;[2] and, (3) whether any non-frivolous challenge could be presented as to the below-guideline prison sentence imposed on Mr. Kirkland, when both sides accepted the presentence report without objection.[3] <u>United States v. Kirkland</u>, 263 Fed. Appx. 524, 525-26 (7th Cir. 2008).

firearm in question was innocent.

       Innocent possession of a firearm is a defense to the crime of possession of a firearm by a convicted felon as set forth in the indictment.

       In order to find that the defendant's possession of the firearm was innocent, you must find by a preponderance of the evidence the following two elements:

    1.    That the defendant obtained the firearm innocently and held it with no illicit purpose, and,

    2.    That defendant's possession of the firearm was transitory - that is, in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible.

       A defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct.

       The defendant bears the burden of proof on the above-listed elements.

*See* Doc. No. 22, Def.'s Proposed Instr. No. 1.

[2]    To sustain the charge of felon in possession of a firearm, the government must prove that before the incident alleged in the indictment occurred: (1) the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year; (2) the defendant knowingly possessed a firearm; and, (3) the firearm possessed by the defendant had traveled in interstate commerce prior to the defendant's possession on that date.

*See* Doc. No. 29, Jury Instr. No. 12. At trial, Mr. Kirkland stipulated to the first and third elements, and disputed only the second. *See* Doc. No. 25.

[3] Mr. Kirkland had a final adjusted offense level of 33. His 9 criminal history points, along with being deemed an armed career criminal, placed Mr. Kirkland in criminal history category IV, resulting in a calculated guideline range of 188 to 235 months' imprisonment. *See* Doc. No. 41 at 3-4; PSR, p. 14.

The court of appeals agreed with this court's finding that the evidence didn't support a justification defense or providing a jury instruction on innocent possession where "[n]o child was around, so the gun posed no imminent threat; to avert the perceived harm, Kirkland could have waited beside the gun until another patron either picked it up or alerted [the bar owner]. . . picking it up himself under the circumstances Kirkland described constituted a violation of § 922(g)(1)." Id. The court of appeals also agreed with appellate counsel that any contention that Mr. Kirkland didn't possess the firearm would be frivolous, based on his admission that he "knowingly picked up the gun, carried it inside, and placed it on the bar"; and any challenge to the reasonableness of Mr. Kirkland's prison sentence would be frivolous when "[Mr.] Kirkland did not dispute that he committed the offense after incurring three convictions for felony crimes of violence, and thus under the Armed Career Criminal Act he faced a mandatory term of at least 15 years." Id. at 526. The court of appeals granted appellate counsel's motion to withdraw his appearance for Mr. Kirkland, and dismissed the appeal on February 14, 2008. Id. Mr. Kirkland's petition for a writ of certiorari was denied on December 8. United States v. Kirkland, 129 S. Ct. 724 (2008).

Now before the court is Mr. Kirkland's timely 28 U.S.C. § 2255 petition filed on July 22, 2009 (Doc. Nos. 62, 69). Mr. Kirkland seeks to have his sentence vacated, set aside, or corrected based on his allegations that his trial and appellate counsel provided ineffective assistance, and because it was error to sentence him as an armed career offender under the ACCA because he is "actually

innocent" pursuant to <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008).

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> [t]he motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, Mr. Kirkland hasn't alleged facts that would entitle him to relief, so no hearing is necessary to decide his § 2255 petition, <u>Menzer v. United States</u>, 200 F.3d 1000, 1006 (7th Cir. 2000), and his petition must be denied.

## I. LEGAL STANDARD

A person convicted of a federal crime may attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petition under § 2255 won't be allowed to substitute for an appeal or to advance arguments that could have been made earlier. <i>See</i> <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994) ("So far as convictions

obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal.") (quoting <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947)); <u>Young v. United States</u>, 124 F.3d 794, 796 (7th Cir. 1997) ("It is hornbook law that § 2255 cannot be used as a belated appeal."). A petitioner can't bring constitutional claims he could have raised on direct appeal without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. <u>Reed v. Farley</u>, 512 U.S. at 354. "[N]on-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice." <u>Arango-Alvarez v. United States</u>, 134 F.3d 888, 891 (7th Cir. 1998) (quoting <u>Bontkowski v. United States</u>, 850 F.2d 306, 313 (7th Cir. 1988)). A claim of ineffective assistance of counsel not raised on direct appeal may still be raised in a proceeding under § 2255. <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003); <u>Richardson v. United States</u>, 379 F.3d 485, 487 (7th Cir. 2004).

## II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To succeed on his ineffective assistance of counsel claim, Mr. Kirkland must show, first, that counsel's performance was deficient—"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and second, that counsel's deficient performance prejudiced his defense—"that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." <u>Strickland v.</u>

Washington, 466 U.S. 668, 687 (1984).

"[T]here is a strong presumption that his attorney performed effectively." Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland, 466 U.S. at 694). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence. . . A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d at 848 (quoting Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

Mr. Kirkland claims his trial counsel was ineffective because counsel failed to advise Mr. Kirkland that the innocent possession defense wouldn't be a viable defense so Mr. Kirkland could better evaluate whether to accept the plea offer; counsel failed to argue "vehemently" for the innocent possession instruction; and, counsel failed to inform Mr. Kirkland that going to trial could result in a sentence subject to sentencing enhancements (Doc. No. 62-2 at 7-10).

Mr. Kirkland supports his contentions with his sworn memorandum in support of his § 2255 petition, an affidavit from his uncle, Patrick Golick, and an affidavit from his fiancé, Christine Eldridge—both of whom witnessed meetings with Mr. Kirkland and his counsel (Doc. No. 62-2). *See* <u>Kafo v. United States</u>, 467 F.3d 1063, 1068 (7th Cir. 2006) (holding that allegations within an affidavit or motion signed under penalty of perjury become evidence by which the district court may judge the sufficiency of the movant's claims).

Those affidavits show that Mr. Kirkland's counsel advised him of the plea offer, and warned him that if he lost at trial he could lose the "deal for 51 months [imprisonment]." Doc. No. 62-2 at 4-5, 13-16. Mr. Golick affirmed counsel's prediction that "even coupled with the innocent possession and diminished capacity defense, he felt that there was still only a 50/50 chance of gaining an acquittal at trial." <u>Id</u>. at 14. Counsel warned Mr. Kirkland that the trial's result would depend on whether the jury believed Mr. Kirkland or the bartender. <u>Id</u>. Ms. Eldridge confirmed that counsel "did not seem positive that Mr. Jeffrey Kirkland would be found innocent," but he "did seem optimistic." <u>Id</u>. at 16. With this information, Mr. Kirkland "told [trial counsel] that. . . he would like to go to trial. . .[and] he did not feel comfortable pleading guilty to something that he did not do; which was steal the gun." <u>Id</u>. at 14.

The Sixth Amendment right to effective assistance of counsel extends to assistance rendered when deciding whether to accept or reject a plea offer. <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007). In cases in which

counsel actually advised the defendant to reject a plea offer, "his performance is not objectively unreasonable unless such advice is made 'in the face of overwhelming evidence of guilt and an absence of viable defenses.'" Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007) (citing Gallo-Vasquez v. United States, 402 F.3d 793, 798 (7th Cir. 2005)). Mr. Kirkland offers no evidence supporting the conclusion that counsel advised Mr. Kirkland to reject the plea agreement. Mr. Kirkland only establishes that counsel was willing to take the case to trial, should Mr. Kirkland make that decision.

Assuming counsel advised Mr. Kirkland to reject the plea deal based on a hopeful defense theory of innocent possession, Mr. Kirkland can't show that he was prejudiced by such advice. Prejudice, in this context, means "a reasonable probability that, but for counsel's inadequate performance, [petitioner] would have accepted the government's offer." Gallo-Vasquez, 402 F.3d at 798-799 (citing Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998)). The record establishes that counsel didn't state with certainty that Mr. Kirkland would succeed at trial with an innocent possession defense, or that the court would accept the defense's proposed innocent possession instruction. Instead, Mr. Kirkland was warned that he only had a fifty percent chance of getting a favorable verdict, depending on whether the jury believed Mr. Kirkland's testimony. Even if Mr. Kirkland was misled by counsel's advice, including advice concerning viable defenses, Mr. Kirkland can't show that there was a reasonable probability that he would have accepted the plea deal but for that advice. Instead, Mr. Kirkland's

statements reveal that he rejected the plea because the agreement required him to admit to committing a crime that he didn't commit—stealing the gun. Despite counsel's "not seem[ing] positive that Mr. Jeffrey Kirkland would be found innocent," Mr. Kirkland thought that he could convince the jury to believe his version of how he encountered the firearm. Doc. No. 62-2 at 16. The record reveals that Mr. Kirkland wasn't willing to plead guilty—regardless of advice from counsel—because he chose to take the stand and try to prove his innocence to the jury. Accordingly, no prejudice is shown.

After evidence was presented at trial, Mr. Kirkland wanted the jury instructed that if it believed that he found the gun in the parking lot and innocently carried it into the bar to keep it out of the hands of children, he should be acquitted. Despite counsel's request for the innocent possession instruction, the court declined to give it. Mr. Kirkland contends that his counsel was ineffective for failing to "vehemently" argue for the instruction thereafter.

An innocent possession instruction would have been proper if the evidence supported a justification defense—such as necessity, duress, self defense, or imminent threat of death or bodily injury to the defendant or others. United States v. Hendricks, 319 F.3d 993, 1007 (7th Cir. 2003). As this court determined at trial, and as the court of appeals agreed, Mr. Kirkland's testimony didn't support a justification defense because there was no imminent threat of death or bodily injury to Mr. Kirkland or others. United States v. Kirkland, 263 Fed.Appx. 524, 525-26 (7th Cir. 2008). Instead, the evidence showed that Mr. Kirkland picked up

the gun, carried it inside, and placed it on the bar, even though no children or others were present. Id. Mr. Kirkland could have notified the bartender or waited beside the gun until a patron retrieved it. Id.

Based on the trial evidence, Mr. Kirkland's claim that his counsel should have pressed further for the innocent possession jury instruction, fails both prongs of Strickland. *See* Leach v. Kolb, 911 F.2d 1249, 1261 (7th Cir. 1990). The Sixth Amendment doesn't require the impossible, and the lawyer can do little when the defense isn't legitimate. *See* United States v. Ramsey, 785 F.2d 184, 194 (7th Cir. 1986). Counsel's strategy in not "vehemently" arguing that the jury should be given the innocent possession instruction—already determined by the court to be unwarranted—was reasonable as trial strategy.

Further, Mr. Kirkland hasn't established with a reasonable probability that the result of his trial would have been different if the jury instruction had been provided. *See* Leach, 911 F.2d at 1261. At trial, the government only had to establish that Mr. Kirkland knowingly possessed the firearm. Despite Mr. Kirkland's testimony that he found the gun in the parking lot, the government presented evidence that others were not present and that the gun belonged to a member of Mr. Kirkland's family. The evidence revealed that aside from being drunk, Mr. Kirkland was aware of his taking the gun inside and placing it on the bar. Based on these facts, Mr. Kirkland can't show with a reasonable probability that the jury would have found him not guilty based on an innocent possession defense. Accordingly, Mr. Kirkland hasn't demonstrated that his attorney's

performance was constitutionally ineffective. *See* Roehl v. United States, 977 F.2d 375, 379 (7th Cir. 1992) ("By deciding that [the defendant's] claims had no merit, we have decided that he was not prejudiced by counsel's failure to raise them.").

Mr. Kirkland also contends that his trial counsel was ineffective because counsel didn't inform Mr. Kirkland that he could receive an enhanced sentence under the ACCA, 18 U.S.C. § 924(e). Mr. Kirkland alleges that had he known he could be sentenced as an armed career offender, he would have accepted the plea agreement. This argument is also without merit.

An attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim. Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006). "The salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence." Id.

Mr. Kirkland offers absolutely no evidence suggesting that counsel guaranteed or promised Mr. Kirkland a particular sentence if he proceeded to trial, or that counsel suggested a maximum sentence Mr. Kirkland could receive. Rather, Mr. Kirkland was told of the government's plea deal and of his chances of obtaining a favorable verdict. No evidence submitted suggests that after learning the facts of the case, counsel gave advice that wasn't made in good faith. United States v. Barnes, 83 F.3d 934, 939 (7th Cir. 1996).

Assuming counsel erroneously calculated Mr. Kirkland's applicable guideline sentencing range, or overlooked any sentencing enhancement based on

Mr. Kirkland's criminal history, Mr. Kirkland can't show that this was a decisive factor in his decision to go to trial. *See* <u>Wyatt v. United States</u>, 574 F.3d 455, 458 (7th Cir. 2009) (citing <u>Julian v. Bartley</u>, 495 F.3d 487, 498 (7th Cir. 2007)). The affidavits submitted by Mr. Kirkland reveal his awareness that the government's plea offer was a "deal" in that going to trial would likely result in a higher sentence. Mr. Kirkland faced the choice of accepting the government's recommendation of 51 months' imprisonment, or going to trial where he might be exonerated and go home a free man, or he might face a much higher sentence. Yet, Mr. Kirkland rejected that deal, with no indication that sentencing repercussions played a decisive role in that decision. Mr. Kirkland now baldly asserts that he would have chosen a path other than going to trial had he known of the sentencing enhancement, but this is insufficient by itself to establish prejudice. <u>Id</u>. (citing <u>Bethel v. United States</u>, 458 F.3d at 718). The affidavits demonstrate that Mr. Kirkland went to trial because he didn't want to plead guilty to stealing a gun, and because he thought the jury would believe his testimony. There is insufficient evidence showing that Mr. Kirkland's possible sentencing range played a decisive factor in Mr. Kirkland's decision to try his case before a jury.

### III.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The Sixth Amendment's right to the effective assistance of counsel applies to trial, sentencing, and the first appeal of right. <u>Pennsylvania v. Finley</u>, 481 U.S.

551 (1987). Counsel's performance on appeal is evaluated under the two-part Strickland test. Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996). To prevail, Mr. Kirkland must prove both deficient performance and prejudice. Strickland, 466 U.S. at 687-88. An appellate attorney isn't required to "raise every non-frivolous issue under the sun" on appeal. Mason v. Hanks, 97 F.3d at 893. To satisfy the performance prong, Mr. Kirkland must show that his appellate counsel failed to raise an issue that is obvious and clearly stronger than the issues appealed. Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Prejudice is established only when appellate counsel fails to raise an issue that "may have resulted in a reversal of the conviction or an order for a new trial." Winters v. Miller, 274 F.3d at 1167 (quoting Mason, 97 F.3d at 893). "This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." Lee v. Davis, 328 F.3d 896, 901 (7th Cir. 2003).

Mr. Kirkland filed a notice of appeal, but his appointed counsel couldn't find a non-frivolous basis to raise and sought to withdraw his representation. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). The court of appeals agreed and dismissed the appeal. United States v. Kirkland, 263 Fed. Appx. 524 (7th Cir. 2008). In his § 2255 petition, Mr. Kirkland alleges that his appellate counsel rendered ineffective assistance for failing to appeal the district court's rejection of the innocent possession instruction.

Mr. Kirkland's claim that an innocent possession instruction was erroneously rejected at trial, and so should've been an issue raised on appeal, fails

both prongs of <u>Strickland</u>. The court of appeals held, and this court agrees, that based on the trial evidence "Kirkland's proposed instruction would have misinformed the jury about the law . . . so it was not error to refuse his proposed instruction." <u>Kirkland</u>, 263 Fed. Appx. at 525-26 (internal citations omitted). As detailed above, counsel didn't render deficient assistance in refusing to raise this frivolous issue, nor can Mr. Kirkland show that raising the issue on appeal would have altered the outcome. The jury was provided the proper instruction defining "knowing possession" for purposes of the felon in possession statute,[4] and the evidence submitted was sufficient for Mr. Kirkland's conviction.

## IV.  APPLICATION OF <u>BEGAY</u>

When he was sentenced, Mr. Kirkland had five violent felony convictions as defined by 18 U.S.C. § 924(e)(2)(B)(ii): a 1984 conviction for burglary, a 1985 conviction for burglary, a 1985 conviction for aggravated robbery, and, 2001 and 2003 felony convictions for operating while intoxicated ("DUI").[5] *See* PSR, ¶¶ 23-28, 39-42. Once convicted of being a felon in possession of a firearm in this case, and having at least three previous violent felony convictions, Mr. Kirkland was sentenced under the ACCA as an armed career offender and received the statutory minimum sentence.

---

4 *See* Doc. No. 29, Jury Instr. Nos. 8, 12.

5 Under <u>United States v. Rutherford</u>, 54 F.3d 370 (7th Cir. 1995) and <u>United States v. Sperberg</u>, 432 F.3d 706 (7th Cir. 2005), which was controlling case law in this circuit when Mr. Kirkland was sentenced, the crime of felony drunk driving was categorically a crime of violence under the Guidelines.

Mr. Kirkland claims he is "actually innocent," not of the crimes for which he was previously convicted, but of being an "armed career offender" pursuant to U.S.S.G. § 4B1.4. Specifically, Mr. Kirkland contends that his sentence is unreasonable since he "no longer qualifies as an Armed Career Criminal" because the 1985 convictions were not "committed on occasions different from one another," U.S.S.G. § 4B1.4, App. Note. 1, and because the DUI convictions no longer can be counted as violent felonies pursuant to Begay v. United States, 128 S. Ct. 1581 (2008). In Begay, the Supreme Court held that the felony offense of driving under the influence of alcohol is not a violent felony within the meaning of the ACCA, which imposes a mandatory fifteen-year prison term upon felons who unlawfully possess a firearm and who have three or more convictions for violent felonies. Id. at 1588. While Mr. Kirkland correctly notes the change in the law, he incorrectly assumes that the change applies to him in retrospect.

Even if Mr. Kirkland's 1985 convictions are counted as a single violent felony, Mr. Kirkland can't qualify for a modification of his sentence that rests on his not being an armed career offender. Mr. Kirkland was sentenced in December 2006, under the applicable Guidelines and law. The court of appeals affirmed his mandatory statutory minimum sentence under the ACCA on February 14, 2008. See United States v. Kirkland, 263 Fed.Appx. 524, 525-26 (7th Cir. 2008). Begay was decided after the dismissal of Mr. Kirkland's direct appeal. For Begay to affect Mr. Kirkland's sentence, it would have to apply retroactively, but it doesn't. See United States v. Coley, 2009 WL 2019859, at *1 (11th Cir. Jul. 14, 2009)

(observing the district court's decision that <u>Begay</u> did not apply retroactively on collateral review because the Supreme Court did not expressly indicate that it should, and that the certificate of appealability should not have been granted because a sentencing error alone does not amount to a substantial showing of the denial of a constitutional right). *See also* <u>Teague v. Lane</u>, 489 U.S. 288, 310-313 (1989) (explaining that new rules of criminal procedure are not made applicable to cases that have become final before the rules are announced, except when the rule prohibits criminal punishment for certain primary conduct and where the rule is a watershed rule of criminal procedure).

Accordingly, at the time of Mr. Kirkland's felon in possession conviction, he had at least three prior violent felony convictions, making the imposition of the statutory minimum term of imprisonment under the ACCA proper. *See* <u>United States v. Narvaez</u>, 2009 WL 1351811 (W.D. Wis. May 12, 2009) (with the finding that <u>Begay's</u> holding is not retroactive and does not apply to defendant's case, which became final before the new rule was announced, defendant's motion under 28 U.S.C. § 2255 must be denied). Mr. Kirkland can't claim actual innocence under the statute, because he was appropriately sentenced based on his status as a criminal recidivist. *See* <u>Wilbourn v. Sherrod</u>, 2009 WL 3060199, *4 (S.D. Ill. Sept. 22, 2009) (defendant was not convicted of being a career offender, because it is not a "crime" to be a career offender; rather, it is a status that results in a sentencing enhancement that increases the sentence of a convicted defendant that meets the definition).

To the extent Mr. Kirkland raises this alleged sentencing error under the rubric of ineffective assistance of trial and/or appellate counsel, the issue for review is whether counsel should've contested the ACCA enhancement based on Mr. Kirkland's criminal history. At sentencing, trial counsel didn't object to the presentence report, and on appeal, appellate counsel didn't raise any issue as to Mr. Kirkland's sentence.

Felony DUI convictions constituted crimes of violence until after Mr. Kirkland's direct appeal concluded. *See* <u>United States v. Sperberg</u>, 432 F.3d at 708-709; <u>United States v. Rutherford</u>, 54 F.3d at 376-377. Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has "no duty to make a *frivolous* argument," <u>United States v. Rezin</u>, 322 F.3d 443, 446 (7th Cir. 2003) (emphasis in original), and indeed is barred by the rules of professional ethics from doing so, *see* <u>Smith v. Robbins</u>, 528 U.S. 259, 272 (2000). "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis. . . for doing so that is not frivolous." Model Rules Of Prof'l Conduct R. 3.1. Neither trial counsel nor appellate counsel were required, or even allowed, to make arguments that lacked merit—including contesting the ACCA enhancement based on valid violent felony convictions, as defined by the law at the time. No ineffective assistance is shown where no deficient performance and resulting prejudice can be shown. Mr. Kirkland was sentenced properly under the law as it stood at the time.

## V. CONCLUSION

Based on the foregoing, the court DENIES Jeffrey Kirkland's July 22 petition pursuant to 18 U.S.C. § 2255 (Doc. No. 62).

The court further denies Mr. Kirkland's anticipated motions for a certificate of appealability and to proceed *in forma pauperis*. For the reasons stated herein, none of the issues presented make a substantial showing of the denial of a constitutional right, or present questions that are debatable among jurists of reason, thus, no certificate of appealability is to issue. Stuart v. Gagnon, 837 F.2d 289 (7th Cir. 1987). As also explained in this order, any appeal on this matter is not taken in good faith, and no request to proceed on appeal *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a)(3). The court advises Mr. Kirkland that pursuant to Fed.R.App.P. 22(b), when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate, and pursuant to Fed.R.App.P. 24, where the district judge denies leave to proceed *in forma pauperis*, he must refile the motion with the court of appeals.

SO ORDERED.

ENTERED: ___October 22, 2009___

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court